IN THE COUNTY COURT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

**12-27466 CC 05**

CARLOS SANCHEZ
   Plaintiff

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC
   Defendants
_____/

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

ORIGINAL
FILED
DEC 2 8 2012
HARVEY RUVIN
CLERK

COMES NOW, Plaintiff, who claims as follows:

1. A jury trial is demanded.

2. This is an action for more than $5,000.00, but less than $15,000.00 and is within the jurisdiction of this court.

3. Venue is proper because the actions occurred in this county.

4. Plaintiff ("CARLOS SANCHEZ") is a "consumer" as that term is defined by the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692a(3) and the Florida Consumer Protection Act (hereinafter "FCCPA"), §559.77 et seq..

5. CARLOS SANCHEZ is a natural person allegedly obligated to pay a debt to PORTFOLIO RECOVERY ASSOCIATES, LLC.

6. The obligation which defendants allege CARLOS SANCHEZ is obligated to pay is a "debt" as that term is defined by the FDCPA, 15 U.S.C. §1692a(5) and the FCCPA, F.S. §559.55(1).

7. PORTFOLIO RECOVERY ASSOCIATES, LLC is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and the FCCPA, F.S. §559.6).


EXHIBIT B

8. PORTFOLIO RECOVERY ASSOCIATES, LLC sued CARLOS SANCHEZ for a consumer debt in Miami-Dade County for case number 2004-13442-SP-05.

9. The judgment was satisfied on March 31, 2006, but the defendant against attempted to garnish the plaintiff's bank account by filing a Motion for Garnishment on November 5, 2012.

10. The defendant had no right to garnish or levy the plaintiff's bank account as the debt had been satisfied.

11. The plaintiff's bank account was frozen and the plaintiff was unable to obtain his funds due to the garnishment causing damages which the plaintiff suffered.

## COUNT ONE - FDCPA

12. CARLOS SANCHEZ incorporates paragraphs 1-11.

13. PORTFOLIO RECOVERY ASSOCIATES, LLC violate 15 U.S.C. 1692 d, e and f by garnishing the plaintiff's bank account for a debt that had been satisfied.

14. The Fair Debt Collection Practices Act, §1692k provides for actual damages, statutory damages up to one-thousand dollars ($1,000.00), costs of this action, and reasonable attorney's fees for any violation of the Act.

WHEREFORE, PLAINTIFF respectfully prays that this Court enter a judgment against defendants for actual damages, statutory damages in the amount of one-thousand dollars ($1,000.00) for violations of the Fair Debt Collection Practices Act, costs of this action, and any and all such additional and further relief as this Court deems just or proper in the circumstances.

## COUNT TWO - FCCPA

15. CARLOS SANCHEZ incorporates by reference paragraphs 1-11.

16. PORTFOLIO RECOVERY ASSOCIATES, LLC violated the FCCPA, F.S. § 559.72(9) by attempting to collect a debt that had already been paid.

17. PORTFOLIO RECOVERY ASSOCIATES, LLC acted in a malicious and willful manner in an attempt to disregard the previous disposition of the prior lawsuit and to create an impression that CARLOS SANCHEZ would never have peace if this debt were not paid.

18. Florida Statute § 559.77 provides for equitable relief, statutory damages of up to $1,000.00, actual damages and punitive damages, together with court costs and reasonable attorney's fees

WHEREFORE, CARLOS SANCHEZ respectfully prays that this Court enter a judgment against defendants for equitable relief, actual damages, punitive damages, statutory damages in the amount of one-thousand dollars ($1,000.00) for violations of the FCCPA, costs of this action, and any and all such additional and further relief as this Court deems just or proper in the circumstances.

Erik Kardatzke, Esq. FBN 17862
Debt Defense, P.L. – A Law Firm
6915 Red Road, Suite 200
Coral Gables, Florida 33143
Tel.: (305) 444-4323